# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM THORNTON, | : | |
| --- | --- | --- |
|     Petitioner | : | No. 1:11-cr-0253 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner William Thornton's Motion to Correct Sentence Under 28 U.S.C. § 2255. (Doc. No. 64.) For the reasons that follow, the Court will grant Petitioner's motion.

## I.    BACKGROUND

On December 6, 2011, a jury found Petitioner guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), (Count 1); possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k), (Count 2); and possession of crack cocaine in violation of 21 U.S.C. § 844(a), a lesser included offense of 21 U.S.C. § 841(a), (Count 3). (Doc. No. 42.) Before trial, the Government filed a notice pursuant to 21 U.S.C. § 851(a)(1) identifying Petitioner's prior felony drug conviction as a basis for an enhanced sentencing penalty. (Doc. No. 22.) Petitioner was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the "ACCA"), which dictated a mandatory minimum term of incarceration of 15 years because he had previously been convicted of three serious drug offenses or violent felonies. The United States Probation Office prepared a Presentence Report ("PSR"), in connection with Petitioner's sentencing, which calculated Petitioner's sentencing guideline range to be 235 to 293 months, based on an offense level of 33 and a criminal history

1

category of VI. (PSR ¶ 77.) While the PSR did not explicitly identify the prior convictions which qualified as predicate offenses for purposes of the ACCA sentencing enhancement, it identified prior Pennsylvania convictions for (1) aggravated assault, (PSR ¶ 36); (2) possession with intent to distribute crack cocaine, (PSR ¶ 41); (3) possession with intent to distribute crack cocaine, (PSR ¶ 42); and (4) homicide by vehicle (PSR ¶ 43), which Petitioner's counsel represents may have qualified as ACCA predicate offenses. (Doc. No. 64 at 2.)[1] On June 7, 2012, the Court sentenced Petitioner to 235 months' imprisonment, consisting of a term of 235 months on Count 1, a term of 60 months on Count 2, and a term of 24 months on Count 3, to run concurrently with each other and to a revocation sentence to be imposed in Dauphin County. (Doc. No. 56.) The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence upon appeal. (Doc. No. 63-1.) Petitioner remains in federal custody.

On May 26, 2016, Petitioner filed the instant Motion to Correct Sentence Under 28 U.S.C. § 2255. (Doc. No. 64.) The basis for Petitioner's motion is his argument that pursuant to the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[2] his prior convictions for aggravated assault and homicide by vehicle in Pennsylvania do not qualify as violent felonies, and therefore, he no longer has three predicate convictions qualifying him for sentencing pursuant to the ACCA, resulting in a sentence that violates due process. (Id.) After requesting an extension of time to respond to Petitioner's motion, the Government filed its

---

[1] The PSR purports to specify prior convictions used to determine Petitioner's appropriate base offense level under U.S.S.G. § 2K2.1, identifying paragraphs 46, 51, 52, and 53. (PSR ¶ 14.) It appears that this was a typographical error and the proper reference should be to paragraphs 36, 41, 42, and 43.

[2] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

Brief in Opposition to Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 on August 11, 2016. (Doc. No. 71.) Petitioner submitted his reply brief on August 19, 2016. (Doc. No. 72.) Petitioner subsequently submitted Notices of Supplemental Authority pertaining to his motion on May 4, 2017 (Doc. No. 73), and October 5, 2017 (Doc. No. 74). Petitioner's Motion to Correct Sentence is ripe for disposition.

**II.   DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a prisoner is entitled to relief under Section 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

As noted above, the basis for Petitioner's motion is his argument that pursuant to the Supreme Court's decision in <u>Johnson</u>, his prior convictions for aggravated assault and homicide by vehicle in Pennsylvania no longer qualify as violent felonies, and therefore, he lacks the requisite number of predicate offenses for sentencing under the ACCA; accordingly, his June 7, 2012 sentence violates due process.[3] (Doc. No. 64 at 5-7.) A previous adult conviction qualifies

---

[3] A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255(f). The one-year limitations period runs from the latest of (1) the date judgment became final; (2) the date on which the government created impediment to filing the motion was removed; (3) the date the Supreme Court initially recognized the right asserted and made it retroactive to cases on collateral review; or (4) the date the petitioner, through the
3

as a "violent felony" under the ACCA when it is punishable by imprisonment for more than one year and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [force clause]; (ii) is burglary, arson, or extortion, involves use of explosives [enumerated offenses]" or "otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]." 18 U.S.C. § 924(e)(2)(B). The Supreme Court in Johnson found the "residual clause" unconstitutionally vague; accordingly, that clause no longer serves as a legal basis for a finding that Petitioner has been convicted of a violent felony. 135 S.Ct. at 2557. Rather, pursuant to Johnson, to qualify as violent felonies under the ACCA, Petitioner's prior convictions must either fall within the "force" clause, or constitute an "enumerated" offense.

Petitioner argues that his prior convictions for aggravated assault and homicide by vehicle in Pennsylvania do not qualify as predicate offenses under the ACCA after Johnson, as they do not satisfy the force clause and are not enumerated offenses. (Doc. No. 64 at 7.)[4] The Court addresses each conviction in turn.

### A. Pennsylvania Aggravated Assault

Petitioner was charged with aggravated assault in Dauphin County in 1997, and was sentenced the following year. (PSR ¶ 36.) Petitioner argues that in the absence of the residual clause after Johnson, his conviction under Pennsylvania's aggravated assault statute does not

---

exercise of due diligence, would have discovered the facts supporting the claim. 28 U.S.C. § 2255(f)(1)-(4). The Supreme Court decided Johnson on June 26, 2015, and on April 18, 2016, recognized that Johnson announced a new substantive rule with retroactive effect to cases on collateral review. As Petitioner filed his motion on June 24, 2016, his motion is timely.

[4] Petitioner asserts that he had two prior convictions for serious drug offenses which may have qualified as ACCA predicates. (Doc. No. 64 at 2.)

4

qualify as a violent felony under either the enumerated clause (as it is not one of those listed), or the force clause. (Id.)

At the time of Petitioner's aggravated assault conviction, Pennsylvania's aggravated assault statute contained six subsections, permitting the Government to prove the crime in one of six ways. The statute provided:

> A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to any employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;
>
> (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;
>
> (5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including [various school employees] . . . ; or
>
> (6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury.

18 Pa. C.S. § 2702(a) (effective to January 5, 2003).[5]

---

[5]The statute has been subject to multiple amendments and currently there are nine subsections. 18 Pa. C.S. § 2702(a) (effective January 1, 2014).

Both parties agree that Pennsylvania's aggravated assault statute is a divisible statute[6] subject to an analysis under the modified categorical approach to determine under which version Petitioner was convicted, assuming that at least one divisible set of elements is a violent felony in all instances.[7] (Doc. No. 64 at 9; Doc. No. 71 at 7.) The modified categorical approach is used to assist the Court in determining "from among several alternatives, the crime of conviction so that the court can compare it to the" ACCA offense. Descamps, 133 S. Ct. at 2285. The Government has produced no Shepard documents,[8] and has acknowledged that the record does not specify which subsection of Pennsylvania's aggravated assault statute formed the basis of Petitioner's conviction. (Doc. No. 71 at 5-6.)

Petitioner maintains that when the record is not clear due to the Government's failure to produce Shepard documents, the Court must assume that the conviction rested upon the least of the acts in the statute. (Doc. No. 64 at 11.) In support, Petitioner cites Johnson v. United States,

---

[6] In his Notice of Supplemental Authority filed October 5, 2017, Petitioner refers the Court to a decision in an Eastern District of Pennsylvania case, United States v. Ramos, No. 08-cr-695-1 (E.D. Pa. Sept. 13, 2017) (Baylson, J.), appeal docketed, No. 17-2720 (3d Cir. July 14, 2017), where the court found, as to the divisibility of Pennsylvania's aggravated assault statute, that the statute is divisible by degree of felony, not by subsection. (Doc. No. 74 at 1-2.) Because Ramos is not governing authority, and because its facts, involving second degree aggravated assault, are distinguishable from the facts of this case, the court's holding in Ramos does not control the Court's decision here.

[7] See United States v. Brown, 765 F.3d 185, 190-91 (3d Cir. 2014) (stating that the modified categorical approach is appropriate "only when at least one, but not all of the separate versions of the offense is, by its elements, a predicate offense") (citing Descamps v. United States, 133 S. Ct. 2276, 2285 (2013)).

[8] When a court's analysis involves a divisible statute, the court may look at documents "beyond the face of the statute [consisting of] the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements was involved in the defendant's conviction." United States v. Abbott, 748 F.3d 154, 158 (3d Cir. 2014) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

559 U.S. 133, 137 (2010) and Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013). Pursuant to those cases, Petitioner argues that the least of the acts criminalized in the aggravated assault statute – attempting to cause serious bodily injury "intentionally, knowingly or recklessly" – is not a violent felony. (Doc. No. 64 at 11-12.) The Government essentially argues that every subsection of Pennsylvania's aggravated assault statute qualifies as a violent felony. (Doc. No. 71 at 8-11.)

Upon review of the relevant authorities, and assuming that Pennsylvania aggravated assault statute is one where at least one divisible set of elements constitutes a violent felony,[9] the Court is persuaded by Petitioner's argument that in the absence of Shepard documents revealing which subsection of Pennsylvania's aggravated assault statute Petitioner was convicted under, the Court must assume the conviction rested upon the least of the acts in the statute. See Johnson, 559 U.S. at 137.

As to whether a conviction under Section 2702(a)(1) – attempting to cause serious bodily injury "intentionally, knowingly, or recklessly" – can constitute a violent felony for purposes of the ACCA, there is precedent on both sides of the issue from district courts in this Circuit. The majority of courts to have considered the issue have held that aggravated assault under Section 2702(a)(1) is not a violent felony under the ACCA because it criminalizes reckless conduct and can be committed by an act of omission. See United States v. Harris, 205 F. Supp. 3d 651, 671-72 (M.D. Pa. 2016); United States v. Fisher, No. 01-cr-769, 2017 WL 1426049, at *7 (E.D. Pa.

---

[9] See Brown, 765 F.3d at 190-91. In United States v. El Amin, No.1:05-cr-67, 2017 WL 4233090, at *5 (M.D. Pa. Sept. 25, 2017), this Court found, in accordance with a number of other courts in this Circuit, that a conviction pursuant to subsection (4) of 18 Pa. C.S. § 2704(a) is a violent felony and a predicate offense under the ACCA.

7

Apr. 21, 2017); United States v. Weygandt, No. 09-cr-24, 2017 WL 818844, at *2 (W.D. Pa. Mar. 2, 2017), appeal docketed, No. 17-2501 (3d Cir. July 11, 2017). But see Peppers, 2016 WL 7104291, at *2 (holding that Section 2702(a)(1) conviction fits under the force clause and qualifies as a predicate offense under the ACCA); United States v. Mayo, No. 00-cr-336, 2016 WL 6962590, at *2 (M.D. Pa. Nov. 29, 2016) (finding that aggravated assault conviction under Section 2702(a)(1) fits under ACCA force clause). Upon review of the relevant authorities, this Court is persuaded by the court's reasoning in Harris, and joins the courts that have concluded that subsection 2702(a)(1) of Pennsylvania's aggravated assault statute is categorically not a violent felony because it criminalizes reckless conduct and can be committed by an act of omission. Accordingly, after Johnson, Petitioner's aggravated assault conviction is not a predicate offense for purposes of the ACCA sentencing enhancement.

### B. Pennsylvania Homicide by Vehicle

Petitioner was charged with homicide by vehicle and related offenses in Pennsylvania in 2003, and sentenced the following year. (PSR ¶ 43.) The relevant statute at the time provided:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of the death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3802.

75 Pa. C.S. § 3735.[10]

---

[10] At the time of Petitioner's offense in 2003, the references to driving under the influence were to section 3575. The statute was amended effective February 1, 2004.

Petitioner argues that even if homicide by vehicle counted as an ACCA predicate offense at the time of his sentencing in 2012, it can no longer qualify as a predicate offense following Johnson's elimination of the residual clause. He maintains that it does not have as an element the use of force, attempted use of force, or threatened use of force as it may be committed by "unintentional" conduct. (Doc. No. 64 at 13.) In response, while the Government refuses to concede the issue, it admits that it "recognizes that construing homicide by vehicle as a violent felony may be problematic." (Doc. No. 71 at 5 n. 1.) The Court is persuaded that Pennsylvania homicide by vehicle is not an ACCA predicate offense in the absence of Section 924(e)(2)(B)'s residual clause. Accordingly, the Court finds that of Petitioner's prior convictions for non-serious drug offenses relied upon to justify his sentence under the ACCA, neither his conviction for Pennsylvania aggravated assault nor his conviction for Pennsylvania homicide by vehicle qualifies as a "violent felony" sufficient to serve as a predicate offense under the ACCA, and therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

## IV.   CONCLUSION

Based upon the foregoing, the Court will grant Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255.   An appropriate Order follows.


      s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania